WILLIAM E. KENNEDY *v.* JOSEPH S. BOSSIERE,—and JOSEPH BOSSIERE and WIFE *v.* KENNEDY and the SHERIFF.

A witness must not be interested, either directly or indirectly, in the cause.

The presumption of law established by Art. 2372 C. C. is, that every debt contracted during the existence of the marriage is a debt of the community.

When a debt is created during the existence of the community or marriage by the joint action of the husband and wife, purporting to be on her account, it must be presumed to be either a debt of her separate estate, or a debt of the husband and the community.

If the contract is not that of the wife, it is that of the husband. The burden of proof is on the plaintiff to show that it is that of the wife.

A plea of coverture is personal to the wife, and does not relieve the surety, who, in this respect, may be bound beyond his principal.

The surety is discharged, when, by the act of the creditor, the subrogation to his rights, mortgages, and privileges, can no longer be operated in favor of the surety.

*On a re-hearing:*—Where husband and wife were separate in property—*Held :* That a contract made by the former cannot be charged to him as due by the community; nor can he be bound individually, unless he has made it his own debt, or unless it was, in point of fact, his own contract.

The burden of proof falls upon the husband, when he pleads want or failure of consideration against his own contracts ; but this rule has no application when the contract of his wife, separate in property, is opposed to him.

APPEAL from the District Court of St. Tammany, *Wilson*, J. *Kennedy & Miles* and *A. N. Ogden*, for plaintiff and appellant. *Simonds & Fenner*, for defendant.

MERRICK, C. J. On the 29th of April, 1853, Frances Ann Thompson,

KENNEDY
v.
BOSSIERE.

the wife of Joseph S. Bossiere, separate in property from her husband, by judgment, made a promissory note in her individual name, payable to the order of William Christy, five years after date, for $7,862 45, with eight per cent. interest thereon from date.

The husband authorized her to sign the note.   On the same day the wife, authorized by her husband, executed a mortgage on certain property owned by her, in favor of the payee of the note, to secure the payment thereof.   In the act of mortgage, the consideration of the note is acknowledged by a recital, that whereas the said William Christy, of the city of New Orleans, had advanced to her, the said appearer, sums of money to enable her to erect a saw-mill in the said Parish of St. Tammany, to repair another mill and for other purposes, amounting in all to that date, with interest at the rate of eight per cent. per annum, to the sum of seven thousand eight hundred and sixty-two 45-100, for which sum she had given him, said Christy, her promissory note, drawn, &c.

In the same act, Joseph S. Bossiere, the husband, intervened, and as a further security for the payment of the note and interest, mortgaged certain lands acquired in his name from the Government of the United States.

The note was put in circulation by William Christy, and acquired by the present holder before maturity, for value.   He holds it now for the benefit and use of Mrs. J. M. Kennedy and the succession of H. B. Cenas, deceased.

Christy released a portion of the property mortgaged by the wife.

The note not having been paid at maturity, the holder took a notarial subrogation from Christy, and obtained an order of seizure and sale of the property of the husband, Joseph S. Bossiere; not of that belonging to the wife.

Bossiere and wife sued out an injunction, and subsequently the whole proceedings were changed into the *via ordinaria,* the original petition for an injunction standing as an answer, by the consolidation of the proceedings.

The defendants deny that any consideration was given for said promissory note, except the sum of five hundred dollars and interest, and deny that the same inured to the benefit of said Frances Ann Bossiere for any further sum.   They aver that the note was acquired by the payee through fraud, and under the false representation that he wanted the same for the use and benefit of Mrs. Bossiere, and to raise money for her to be applied to a debt due Snow, Gliddon & Co.   The defendant Bossiere alleges that as surety for his wife for any amount due upon the note, he has been discharged from all liability by the release of the mortgage by Christy on the wife's property, and the consequent inability of the holder of the note to subrogate him to the said mortgage.

T. O. Starke, a junior mortgage creditor, intervenes and contests the validity of plaintiff's mortgage.

The executrix of H. B. Cenas has made herself a party, and claims an interest in the note on account of the estate of said Cenas.

Bossiere, the defendant, having died during the pendency of the suit, his widow, Mrs. Bossiere, has also made herself a party, in the capacity of administratrix of his succession.

The District Judge, notwithstanding the confession of the defendants in the pleadings, of the indebtedness in the sum of five hundred dollars on the note, perpetuated the injunction, and condemned the plaintiff to pay the costs. The plaintiff, and the two parties for whose use the suit is brought, appeal.

T. O. Starke, without appealing, prays for an amendment of the judgment in this Court in his favor.

William Christy was examined on his *voir dire* as a witness. He stated that he claimed whatever sum over a certain amount was realized on the note. His testimony was, on the trial, received in favor of the plaintiff, and a bill of exception was reserved by defendant, but subsequently, in making up the decree, the testimony was properly disregarded on account of his interest in the matter in controversy. C. C. 2260.

The defendants rely, in substance, on the following propositions (which they affirm) for the maintenance of the decree of the lower court:

I. The note was given by a married woman and the burden of proof rested upon the plaintiff to show that the consideration inured to the benefit of her separate estate.

II. The husband was only surety for the wife, and therefore could not be bound for any sum for which she was not bound.

These two propositions may be considered together.

The reason of the rule of our law, which throws the burden of proof on the party holding the obligation of a married woman to show that the consideration is a benefit to her separate estate, lies in the jealousy of the law to the marital power, which it supposes may be used to the detriment of the wife's estate and the advancement of the community or the interests of the husband.

The presumption of law, established by Art. 2372 C. C., is that every debt contracted during the existence of the marriage is a debt of the community. Now, as the husband is the head and master of the community, and as the wife is supposed to be under the influence of the husband, the reason of the rule has force where the estate of the wife is sought to be made responsible, but it ceases when the attempt is to hold the community responsible. When, therefore, a debt is contracted during the existence of the community or marriage, by the joint action of the husband and wife, purporting to be on her account, it must be presumed to be either a debt of her separate estate or a debt of the husband and the community. If it is a debt of her separate estate, she is bound by the terms of her contract. If it be not such debt, then the husband, who is the head and master of the community, having power to bind it, has assented to the contract by authorizing it to be made, and he is bound when sued upon the same, (the wife's liability having been denied by him) to show that there was no consideration for the contract. Having given currency to the obligation by his authorization, which turns

out to be no debt of the wife, he is estopped from denying that it is a debt of the community; and if he put at issue the consideration of such obligation, which is repudiated by the wife, he must prove such defence.

He is not, as remarked by Toullier, in the position of a tutor, who administering for the benefit of the minor, has acknowledged a debt, for such tutor is in no situation to derive advantage from the consent which has been given. But with the husband, if the contract which he has authorized his wife to make, does not turn out to be for the benefit of her estate, its advantages will belong of necessity to the husband or the community which he administers. How then can his simple denial of a nominal debt of the wife, which he has guaranteed by the hypothecation of his property, put the creditor upon proof of the consideration ? If it be not a contract of the wife, it is his own contract. See *Adams* v. *Cuny*, 15 An. 485. Moreover, the plea of coverture set up by the defendant is personal to the wife, and does not relieve the surety, who in this respect may be bound beyond his principal. C. C. 3005, 2982, 3029.

As it respects the release of the mortgage on certain portion of the property of the wife, we think the relationship of the defendant, Bossiere, to the debt, and his denial of his wife's liability, will prevent his administratrix from claiming a discharge *pro tanto* on account of inability to subrogate the estate of the husband to the mortgage against all the property of the wife mentioned therein. As the case now stands the debt, except for $500 and interest, appears to be rather a debt of the husband than the wife, and consequently his estate cannot be prejudiced for want of a subrogation. C. C. 3030.

The intervention of T. O. Stark ought to be dismissed.

It is therefore ordered, adjudged and decreed by the Court, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed by the Court, that the mortgaged property belonging to the succession of Joseph S. Bossiere, deceased, described in the plaintiff's petition, be seized and sold according to law, to pay to the plaintiff, Kennedy, for the use aforesaid, the said promissory note for the sum of seven thousand eight hundred and sixty-two dollars and fifty-five cents, with eight per cent. interest thereon, from the 29th day of April, A. D. 1853, until paid, and costs of copies and costs of suit; and it is further ordered, that the demand of said T. O. Stark, contained in his intervention, be dismissed at his costs; and it is further ordered, that the injunction be dissolved and the demand of said Frances Ann Bossiere, for the cancellation of said mortgage, be dismissed as in case of non-suit, it being understood that the claim of the plaintiff against her individually, for the use aforesaid, if any such they have, is not in controversy in this suit; and it is further ordered, that said succession of said Joseph S. Bossiere and said Frances Ann Bossiere pay the costs of both courts.

## SAME CASE—ON A RE-HEARING.

VOORHIES, J. Upon a careful reconsideration of this case, we have concluded to set aside our former decree, and reverse the judgment of the District Court.

The plaintiff sues on a note signed by Mrs. Bossiere as debtor, with her husband's authorization, and secured by mortgage on property belonging to both spouses.

The husband, upon the face of the papers, is neither a principal debtor, nor the surety of his wife.

As between the creditor and the wife, it is obvious that it behooves the former to prove the consideration of the note. This he has failed to do; but on the other hand, the wife admits, in her pleadings, that for the sum of $500 there is a sufficient consideration.

As regards the husband, it must be premised that it is not his contract, and that, at its date, he and his wife were separate in property. As a consequence, the debt cannot be charged to him as due by the community. C. C. 2372, 2404. Nor can he be bound individually, unless he has made it his own debt, or unless it was, in point of fact, his own contract. But either hypothesis is repelled by the facts before us. Not only did the wife contract in her own name, but the act of mortgage specifies in what respects the debt will enure to her benefit.

The burden of proof falls upon the husband, when he pleads want or failure of consideration against his own contracts; but this rule has no application when the contract of his wife, separate in property, is opposed to him.

It is, therefore, ordered and adjudged, that our former decree be set aside; that the judgment of the District Court be avoided and reversed; that the plaintiff do have judgment against Mrs. Frances Ann Bossiere for the sum of five hundred dollars, with eight per cent. per annum interest thereon, from the 29th day of April, A. D. 1853, till paid; that the property mortgaged by her, and also the property mortgaged by her (since deceased) husband be sold according to law to pay said amount, with costs; and that, in other respects, there be judgment in favor of the estate of Joseph S. Bossiere, deceased.

It is further ordered and decreed, that the appellees pay the costs of appeal.

MERRICK, C. J. *concurring.* Although I have some doubts on the question of law in this case, I do not wish to dissent. There is great equity in the case as presented by the defendant.

LAND, J., absent.