## RUIZ v. CLANCY et al.*
### No. 15073.

Court of Appeal of Louisiana. Orleans.
Nov. 26, 1934.

S. T. Cristina, of Kenner, and Geo. E. Konrad and H. W. & H. M. Robinson, all of New Orleans, for appellant.

John May, of New Orleans, for appellees Frank J. Clancy, Aug. Christina, administrator, and Travelers' Ins. Co.

WESTERFIELD, Judge.

Plaintiff appeals from a judgment maintaining an exception of no cause of action.

Emile J. Lochbaum and Marie Lochbaum, through their tutrix, Mrs. Arthur Ruiz, brought this suit against Frank J. Clancy, August Christina, administrator of the succession of Christopher Lochbaum, and the Travelers' Insurance Company for damages for the death of their mother, Mary Lochbaum. The allegations of the petition are, in substance, that on August 10, 1933, Christopher Lochbaum, the father of the minors, plaintiffs herein, while operating an automobile belonging to Frank J. Clancy, sheriff of the parish of Jefferson, negligently caused the death of several persons, among them Mary Lochbaum, his wife, and mother of the petitioners; that Travelers' Insurance Company had issued a public liability policy to Frank J. Clancy, protecting him against all claims for damages that might be caused by the use of the automobile, and protecting others to the same extent who might be using the automobile with the consent of Clancy, its owner. It is also alleged that under the provisions of Act No. 55 of 1930, the Travelers' Insurance Company is liable to plaintiff in solido with the succession of Lochbaum and Frank J. Clancy, and concludes with a prayer for judgment for $20,000 against the three defendants.

On behalf of the succession of Lochbaum, an exception of no cause of action was filed in which the grounds of exception are specifically set forth as follows:

"(a) That public policy denies to minor children the right to sue their father for damages in tort.

"(b) That a suit against the father's estate by his minor children is tantamount to a suit against the father himself.

"(c) That under Louisiana law, the wife is without a right of action to sue her husband in tort, and that to permit minor children to sue their father's succession because of the alleged tortuous killing of their mother by the father, would be beyond the manifest intent of Article 2315 of the Louisiana Civil Code.

"(d) That action for death of a parent in Louisiana vests in the minor children to the exclusion of the major children, and that to permit minor children to sue and secure judgment collectible against their father's estate would be a violation of the laws of heirship, and would be tantamount to a judgment against the major heirs and would be further tantamount to the minors securing a judgment against themselves."

Exceptions of no cause of action were also filed on behalf of Frank J. Clancy and of the Travelers' Insurance Company, but without specification of the grounds upon which the exceptions were based.

The judgment below, which dismissed plaintiff's suit as to all three defendants, was based upon a holding that, for the reasons advanced by defendant's counsel, it was against the public policy of this state to permit a child to sue its parent, or its parent's succession, in tort.

The position of plaintiff is that article 2315, Civ. Code, which provides that "every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it," makes no exception upon the ground of affinity or consanquinity, or otherwise.

In Caldwell v. Hennen, 5 Rob. 20, which was an action for slander of title in which the son of Alfred Hennen accused his deceased father of improper conduct, the court used the following interesting language:

"In the best age of that republic, whose jurisprudence has descended to us, how would a son have been received by the Prætor, who should have sought to deprive a citizen of his dwelling, by alleging his father's turpitude? Even with this interpolation of the community, fruitful as it may be in frauds, leading to the disruption of families and heartless litigation, our existing laws will not tolerate such pretensions, and justify such a proceeding.

" 'Honor thy father and thy mother,' is as much a command of the municipal law, as it is a part of the Decalogue, regarded as holy by every christian people. 'A child,' says the code, 'whatever be his age, owes honor and respect to his father and mother.' This law would be without its best sanction, if a son were permitted wantonly to hold up a torch in our tribunals, in order to attract the public gaze to the alleged misconduct of the father. The law cannot be accessory to that course of conduct and proceeding, on the part of a son, which is calculated to weaken all there is of noble and elevated in family affections and domestic ties, and to bring down the grey head with sorrow to the grave."

In Bird v. Black et al., 5 La. Ann. 189, the court stated:

"The decisions of this court have not encouraged suits of children against their parents, unless to redress clear and palpable injustice.

"There are services which parents render to their children, and which it is presumed they perform until the contrary appears, which money cannot pay; and filial duty should restrain the child from exposing the faults of its parents, or worrying them with litigation, unless compelled by extreme necessity."

There is, however, no decision in Louisiana which, in express terms, denies to the child a right of action ex delicto against his father, or his father's succession. Article 104 of the Code of Practice provides that "chil-

dren, as long as they are subjected to paternal power, that is to say, while their fathers and mothers are living and they not emancipated, can not bring suit against them." This article, however, contains no prohibition against suits by emancipated minors and no reference to the liability of the succession of the parent. If, therefore, under article 2315, a minor may sue his father's succession for a wrong which caused the death of his mother—and certainly there is in the broad terms in which this right of action is conferred nothing to indicate the contrary—article 104, Code Prac., would not prevent such action.

We are referred to a number of authorities in other jurisdictions: Mesite v. Kirchenstein et al., 109 Conn. 77, 145 A. 753; Dunlap v. Dunlap, 84 N. H. 352, 150 A. 905, 71 A. L. R. 1055; Damiano et al. v. Damiano et al., 143 A. 3, 6 N. J. Misc. 849; Wick v. Wick, 192 Wis. 260, 212 N. W. 787, 52 A. L. R. 1113; Belleson v. Skilbeck et al., 185 Minn. 537, 242 N. W. 1. Most of the cases cited from other states are based upon sentimental considerations of public policy with respect to parental authority. But in one case it was held that no reason for the application of the rule existed where the father was protected by a policy of insurance, as in this case:

"As often stated before, the sole debatable excuse advanced for the denial of the child's right to sue is the effect a suit would have upon discipline and family life. If, therefore, the situation is such that the suit will not affect those matters at all, the reason for the theory fails, and it should not be applied. There is such a situation here.

"When the father undertook the master's responsibility for negligence, he at once paid the price for any violation of that duty. So far as he was practically concerned, it was a completed transaction in which he had no financial stake. The son could not intimidate him by threat of suit, nor would family discord result from a prosecution of the son's claim. Neither was the father obligated to the insurer 'to resent or discourage the bringing of a suit for just cause against him.' " Dunlap v. Dunlap, 84 N. H. 352, 150 A. 905, 912, 71 A. L. R. 1055.

We are unable to agree with our brother below in his views concerning the public policy of this state, but fortunately for us, we are spared the necessity of deciding a question so involved in sentiment as to obscure the judicial vision, for the reason that our Supreme Court, in an analogous case, has

announced a doctrine which, in our opinion, is fatal to this cause of action. We refer to Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 582, 59 A. L. R. 148, a case which we have every reason to remember because it came from this court and the views which we had expressed were found to be erroneous. It was there held that a wife's action for damages for the death of her husband was barred by the contributory negligence of her husband, and that, where the wife could not sue for damages for her injuries, her heirs could sue for damages caused by her death if she failed to survive her injuries:

"The reason why the wife's right of action to claim damages for the physical injuries inflicted upon her by the fault or negligence of another is not defeated by the husband's contributory negligence is that her right of action to that extent accrues to her immediately, and not in consequence of the physical injury and death of her husband. To that extent the wife's right of action does not depend upon the husband's being injured at all. But the right of action which the law grants to the wife to claim damages suffered by her in consequence of the death of her husband caused by the fault or negligence of a third person, ought to depend upon whether the husband would have had a right of action to claim damages for the physical injuries suffered by him if they had not been fatal. In other words, the wife or any other of the beneficiaries mentioned in the amendment of the statute [second clause, article 2315, Civ. Code] should not have a right of action for damages for physical injuries causing the death of the person injured unless he would have had a right of action if the injuries had not caused his death." (Chief Justice O'Niell, concurring opinion.)

By parity of reasoning, therefore, if Mrs. Lochbaum could not maintain an action against her husband if she had survived her injuries, her children cannot maintain an action against her husband's succession, because the mother could not do so if she had lived. The question of Mrs. Lochbaum's negligence is not at issue under the pleadings. Therefore we must look elsewhere for some legal obstacle to her right to bring the suit. It is found in article 105 of the Code of Practice that:

"A married woman can not sue her husband as long as the marriage continues, except it be to obtain a separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by her marriage contract, or for divorce; but in no case can she sue her husband without the authorization of the court before which she brings her action."

We can see no difference in principle between Mrs. Vitale's situation in that case and Mrs. Lochbaum's here. The court in its reasons in the Vitale Case very plainly states that "the wife or any other of the beneficiaries mentioned in the amendment of the statute should not have a right of action for damages for physical injuries causing the death of the person injured unless he would have had a right of action if the injuries had not caused his death" (O'Niell, C. J., concurring opinion). It is clear that, applying the doctrine of the Vitale Case to the case at bar, Mrs. Lochbaum's heirs cannot maintain an action against her husband's succession because, if she had survived her injuries, she could not have done so.

The allegations of the petition, so far as they purport to state a cause of action against Frank J. Clancy, are found in paragraph 12 thereof, reading:

"That the said Christopher Lochbaum was operating the said Chevrolet automobile at the time of the said accident, as an employee of the said Frank J. Clancy within the scope of his employment as deputy sheriff, and with the consent and knowledge of the said F. J. Clancy."

It is claimed that this allegation is inconsistent with others to the effect that at the time of the accident Mrs. Lochbaum was "a passenger and guest in the automobile being driven by her husband," and that "it is not possible that a deputy sheriff, acting as such, would be driving a party of guests to Norco, and particularly when one of those guests was his own wife."

■ ■ Assuming, as we must, that the facts were as alleged, Lochbaum was operating the automobile at the time of the accident as an employee of Clancy within the scope of his employment, and with Clancy's knowledge, Mrs. Lochbaum, for the negligent killing of whom Lochbaum's employer is sought to be held liable, was in the automobile as the guest of her husband.

"The driver of a motor vehicle sent on a particular mission by the owner of the machine is, as a general proposition, acting beyond the scope of his authority when without

the knowledge of his employer he invites another person to ride with him, and, in the absence of statute, if such a passenger is injured through the mere negligence of the driver of the machine, the owner thereof will not generally be liable. * * * On the other hand, where the driver is authorized to invite a person to ride with him, or where the passenger is a guest of the owner, the negligence of the driver causing injury to such invitee may be charged against the principal." Huddy's Automobile Law, vol. 7–8, p. 266, § 101.

We find no allegation in the petition to the effect that Lochbaum's employer consented to the presence of Lochbaum's wife in his car while he was on an official errand, nor do we find any allegation that such consent was implied from custom or usage. The case, therefore, is not one in which an employee, while engaged in the discharge of his duties connected with his employer's business, invited a guest (his wife) to ride with him with the consent of his employer. Dyer v. McCorkle, 208 Cal. 216, 280 P. 965; R. B. Tyler Co. v. Kirby, 219 Ky. 389, 293 S. W. 155; Murphy v. Barry, 264 Mass. 557, 163 N. E. 159, cited in foot-note to text which we have quoted from Huddy.

In an opinion in Jefferson et al. v. King, 12 La. App. 249, 124 So. 589, 591, written by Justice Odom while a member of the Court of Appeal for the Second Circuit, it was held that the owner of a motortruck was not liable for the negligent killing of one who had been invited to ride by his chauffeur without the knowledge or consent of the owner, because "when he extended the invitation or permit to deceased to ride on the truck, he was not pursuing any business of his employer; his act in doing so being an independent private purpose of his own. He was acting as his own master and not as the servant of defendant." ·

The Travelers' Insurance Company cannot be held upon either ground of liability set up as against it. It is not liable as the insurer of Lochbaum nor as the insurer of Clancy for the reasons that neither Lochbaum nor Clancy can be held under the allegations of the petition.

Our conclusion is that the judgment maintaining the exceptions of all defendants is correct and plaintiff's suit properly dismissed as failing to state a cause of action as against any one of the defendants.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.