For the reasons assigned, the judgment appealed from is affirmed.

161 So. 191

**EDWARDS v. ROYAL INDEMNITY CO.**

No. 33179.

March 4, 1935.

Rehearing Denied April 29, 1935.

A. Sidney Burns, of Lake Charles, and Allen B. Pierson, of Ponchatoula, for applicant.

Rownd & Warner, of Hammond, and Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for respondent Royal Indemnity Co.

HIGGINS, Justice.

This is a suit by a guest against an insurance liability carrier, under the provisions of Act No. 55 of 1930, to recover damages for personal injuries alleged to have been sustained as a result of the negligence of the assured.

The trial court sustained an exception of no right or cause of action, and dismissed the suit. The Court of Appeal affirmed the

judgment on the ground that, as the assured was the husband of the plaintiff and she was without any right, under articles 2382, 2391, and 2446 of the Civil Code, and article 105 of the Code of Practice, to sue him in a tort action, the insurer, under the express provisions of the last paragraph of Act No. 55 of 1930, had a right to interpose the same defense. 155 So. 472.

Plaintiff's application for a writ of certiorari was granted by this court, and, in response to the writ, the record has been forwarded here. The case is now before us for review.

Plaintiff, Mrs. W. Ridgley Edwards, Jr., née Carmen F. Palmer, while riding as a guest in Mr. Edwards' automobile, was injured in an accident on June 6, 1933, on the Hammond-Baton Rouge Highway, through the alleged negligent operation of the car by Mr. Edwards. At that time, these parties were engaged to be married. On June 10, 1933, Miss Palmer filed a suit for damages for personal injury against Mr. Edwards. On June 11, 1933, they were married. The trial court dismissed the suit, sustaining the exceptions of no right or cause of action on the ground that the wife could not institute the suit against her husband. The Court of Appeal affirmed the judgment (Palmer v. Edwards, 155 So. 483, Id., 156 So. 781), and this court refused to grant writs which were applied for by the plaintiff.

While the first case was pending on appeal, Mrs. Edwards filed the instant suit against the insurance company, setting forth the same grounds of negligence alleged in the first suit, but further alleging that she had a direct right of action against the insurer alone, under the provisions of Act No. 55 of 1930.

The relevant part of that statute reads as follows:

"* * * Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido.

"Provided that nothing contained in this act shall be construed to affect the provisions of the policy contract if the same are not in violation of the laws of this State.

"It being the intent of this act that any action brought hereunder shall be subject to all of the lawful conditions of the policy contract and the defenses which could be urged by the insurer to a direct action brought by the insured; provided the term and conditions of such policy contract are not in violation of the laws of this State."

It will be noted that the last paragraph of the statute does not provide that the insurer may plead such defenses as the assured may plead against a claimant for damages, but clearly states that such action shall be subject to such defenses as could be urged by the insurer to a direct action brought by the assured. In short, if the insured pays a claim to a third person whom he injured, the insurance company would have the right to refuse to reimburse the insured, in the event

the insured paid the claimant when there was no liability. For instance, if the insured were free from fault or if the claimant were guilty of contributory negligence, the insurer could resist the insured's claim for reimbursement.

Can it be said that the Legislature intended to include defenses which are purely personal between the insured and the injured party, or did it mean to confine the defenses to those which were necessarily connected with or grew out of the accident, or arose from the lawful terms and conditions of the policy?

There can be no doubt that the plea of coverture is personal to the wife and is wholly unrelated to the provisions of the policy and the alleged negligent injury. In fact, in the instant case, the plaintiff married the insured after the accident occurred.

Articles 3036, 3060, and 2098 of the Revised Civil Code read as follows:

Article 3036. "Suretyship can only be given for the performance of valid contracts. A man may, however, become surety for an obligation of which the principal debtor might get a discharge by an exception merely personal to him; such as that of being a minor, or a married woman."

Article 3060. "The surety may oppose to the creditor all the exceptions belonging to the principal debtor, and which are inherent to the debt; but he can not oppose exceptions which are personal to the debtor."

Article 2098. "A codebtor in solido, being sued by the creditor, may plead all the exceptions·resulting from the nature of the obligation, and all such as are personal to himself,

as well as such as are common to all the codebtors.

"He can not plead such exceptions as are merely personal to some of the other codebtors."

In the case of Kennedy v. Bossiere, 16 La. Ann. 445, it was held that a plea of coverture is personal to the wife, and the surety is not entitled to plead such a defense.

In the case of Federal Schools, Inc., v. Kuntz, 16 La. App. 289, 134 So. 118, it was held that a guarantor of full age is not entitled to plead, as a defense, the minority of the principal debtor, because such a defense was a personal one.

Could it be said in the instant case, if the insured were a creditor of the injured party to the extent of $5,000, that the insurance company could interpose the defense of set-off to the present action? The obvious answer is no, because that would be a personal matter between the plaintiff and the insured, wholly unrelated or in any way connected with or growing out of the provisions of the policy and the alleged tortious acts of the insured.

Let us suppose, in the instant case, that the insured had been a minor twenty years of age, or an interdict. No action could have been maintained against him, but, certainly, the injured party could sue the insurance company which could not plead the minority or interdiction of the insured as a defense.

Let us assume another case. A wife is riding as a guest in her husband's automobile. She is injured in an intersectional collision with another car, due to the joint and concurrent negligence of her husband, who

was driving the car in which she was riding, and the owner and driver of the other automobile. Under the law, she could not bring a suit for damages for personal injuries against her husband. Palmer v. Edwards, supra; Roberts v. Roberts, 185 N. C. 566, 118 S. E. 9, 29 A. L. R. 1482.

If she sued the owner of the second automobile and his insurance carrier in solido, under Act No. 55 of 1930, the defendants could not plead the contributory negligence of her husband in bar to her claim for damages for personal injuries. Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A. L. R. 148. Since the defendants would not have the right to plead the contributory negligence of the husband as a defense against the wife's claim for damages, it would seem to follow logically that the defendants could not urge the plea of coverture against her, simply because her husband was, under the law, a joint tort-feasor, and therefore liable in solido with them. Article 2098, R. C. C. Yet, the husband, as one of the joint tort-feasors and, as such, liable in solido, would have a good personal defense against his wife, in the event she sued him. Palmer v. Edwards, supra.

It will be noted that Act No. 55 of 1930 has no repealing clause, and, therefore, cannot be said to repeal in any way article 2098, R. C. C. Under the express provisions of Act No. 55 of 1930, the insurance company is liable in solido to the claimant. This article provides that a codebtor in solido, when sued by the creditor, may plead all exceptions resulting from the nature of the obligation. The last sentence of the article expressly provides that an in solido debtor cannot plead such exceptions as are merely personal to some of the other codebtors in solido.

It appears that the theory of the articles of the Civil Code and Code of Practice, which prohibit the wife from suing her husband during marriage, except for divorce, separation, etc., is that litigation between them would tend to promote domestic troubles and unhappiness, as well as confusion in the finances of the family group. But these reasons were entirely eliminated from consideration when the Legislature created a direct right of action in favor of the claimant against the insurance company alone.

An analogous situation was presented in the case of Dunlap v. Dunlap, 84 N. H. 352, 150 A. 905, 912, 71 A. L. R. 1055, where a minor son, who was working for his father and was injured, sued his father and his liability carrier. The plea that a minor cannot sue his father was urged by the insurance company as a defense. In overruling this plea, the court said:

"As often stated before, the sole debatable excuse advanced for the denial of the child's right to sue is the effect a suit would have upon discipline and family life. If, therefore, the situation is such that the suit will not affect those matters at all, the reason for the theory fails, and it should not be applied. There is such a situation here.

"When the father undertook the master's responsibility for negligence, he at once paid the price for any violation of that duty. So far as he was practically concerned, it was a completed transaction in which he had no financial stake. The son could not intimidate him by threat of suit, nor would family

discord result from a prosecution of the son's claim. Neither was the father obligated to the insurer 'to resent or discourage the bringing of a suit for just cause against him.' "

It may be well to point out that the contract between the insured and the insurer is one of insurance; i. e., protection against public liability for damages caused by negligence, and not a contract of suretyship. Therefore, the insurance carrier cannot claim reimbursement from the assured in the event it is compelled to pay injured parties. Quatray v. Wicker, 178 La. 289, 151 So. page 208–210.

The defendant cites the case of Ruiz v. Clancy et al. (La. App.) 157 So. 737, where certain minor children, through their tutrix, sued, in solido, the administrator of the succession of their father and his employer, together with the insurance carrier (under Act No. 55 of 1930) that issued a policy of liability insurance on the automobile owned by the employer, and which was driven by the deceased father at the time of the accident, which resulted in the death of both the father and mother. The defendants filed an exception of no right or cause of action on the ground that it was against public policy in this state for a child to sue its father, in tort, for damages, and that the suit by the children against the father's estate was equivalent to suing the father himself. It was further pleaded under the exception that, as the wife was without a right to sue her husband in tort, to permit the minor children to sue their father's succession for damages for the alleged negligent killing of their mother, by the father, would be going beyond the manifest intent of the provisions of article 2315 of the Louisiana Civil Code.

The Court of Appeal held that the employer could not be held liable under the allegations of the petition, since the plaintiffs failed to allege that the deceased husband was authorized by his employer to invite any one to ride as a guest in the automobile. The court further held that, as the wife could not have sued her husband for damages for personal injuries if she had lived, her children were without any right to bring a suit against their deceased father for the alleged negligent killing of their mother. The court concluded that, as these defendants could not be held, the insurance carrier was likewise without liability under the provisions of Act No. 55 of 1930.

The decision was rested on the case of Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A. L. R. 148, where this court held that the claim of the wife for personal injuries sustained in an automobile accident, resulting from the joint negligence of her husband and the driver of another automobile, was not barred by the negligence of her deceased husband, since his carelessness could not be imputed to her. But, on the other hand, we said, in connection with her claim for damages for his wrongful death, that since he could not recover damages against the other negligent driver, because of his contributory negligence, she was likewise barred from recovering damages for his death.

It seems clear to us that the views expressed in Vitale v. Checker Cab Co., supra, are sound, because the defense of contributory negligence arose out of the accident. But that decision does not go so far as to hold that where the defense is purely a personal one, i. e., minority, interdiction, cover-

ture, or that it is contrary to the articles of the Civil Code of this state for a minor to sue his father for damages, or a wife to sue her husband in tort, that the insurance carrier or a joint tort-feasor, who was liable in solido, has the right to interpose or urge such defenses against the claim of the minors or the married woman for damages for personal injuries negligently caused by the father and husband, respectively.

We may add that the Court of Appeal in that very case, Riuz v. Clancy, 157 So. 737, on page 738 of the opinion, took issue with the district judge on the correctness of his views that it was against public policy in this state for a child to sue its father in tort, where the parent was protected by liability insurance.

As a result of the provisions of Act No. 55 of 1930, the policy of public liability not only protects the insured from loss caused by his negligence, but is also in favor of the party who sustains damages through the insured's fault.

It is, therefore, our opinion that the Legislature intended to give the insurer the right to plead defenses which it could urge against the insured, but not defenses which are purely personal between the insured and claimant, and in no way growing out of, or connected with, the accident or policy.

For the reasons assigned, the judgment appealed from is annulled and set aside, the exceptions of no right or cause of action are overruled, and the case remanded to the trial court for further proceedings, according to law, and not inconsistent with the views herein expressed; defendants to pay the costs of the appellate courts, and costs of the lower court to await the final determination of the case.

BRUNOT and ODOM, JJ., dissent.

BRUNOT, Justice (dissenting).

The plaintiff was injured in an automobile accident on June 3, 1933, while riding, as a guest, in a car owned and operated by W. Ridgley Edwards, Jr., who had a liability insurance policy in the defendant company. On June 10, 1933, the plaintiff filed suit against W. Ridgley Edwards, Jr., for the sum of the damages alleged to have been suffered by her as a result of the negligence of the defendant. On the day following the filing of the suit, the plaintiff and W. Ridgley Edwards, Jr., were married. The defendant, Edwards, thereafter excepted to the plaintiff's suit on the ground that the wife could not maintain an action, in tort, for damages against her husband. The exception was maintained and the suit was dismissed. The case was appealed to the Court of Appeal, in which court the judgment appealed from was affirmed; a rehearing was applied for and refused, and an application to this court for a writ of review was denied.

Pending the appeal in the suit against Edwards, the plaintiff filed this suit against the defendant, Edwards, surety. This defendant pleaded the same exceptions to the suit that Edwards had pleaded in the suit against him. The defendant's exceptions were maintained, and, on appeal to the Court of Appeal, the judgment was affirmed; a rehearing was applied for and refused; and an application to this court for a writ of review was granted.

The codal provisions and jurisprudence are so conclusive of the point that the wife has no right to maintain an action for damages against her husband during the existence of the marriage that it would be a needless waste of time to cite and comment upon the authorities denying her that right, but it seems to be contended that, inasmuch as the plaintiff's suit was filed the day before she married Edwards, her claim was paraphernal, and that the marriage did not affect her right to assert it, quo ad, her husband's insurer.

In making this contention counsel overlooked or misinterpreted the provisions contained in the last paragraph of Act No. 55, of 1930, which provides that the defendant's insurer may urge the same defenses to a suit of this kind that it could urge in a suit, upon the same cause of action, if such a suit had been filed against it by the insured, the plaintiff's husband.

The Court of Appeal of the First Circuit, in the Palmer v. Edwards Case, 156 So. 781, and the Orleans Court of Appeal in Ruiz v. Clancy, 157 So. 737, are sound and in point.

The writ issued herein should be recalled and avoided, and the costs of this proceeding should be paid by relator.