Plaintiff, Mrs. Angele LeBlanc, was injured while riding with her husband in his Plymouth automobile when it collided with a Buick automobile near the Town of Luling in St. Charles Parish. The Buick car was driven, at the time of the accident, by Godfrey D. Wardrope. Alleging the negligence of both drivers, Mrs. LeBlanc brought suit against Godfrey D. Wardrope, Albert G. Thomas, his employer, the New Amsterdam Casualty Company, Thomas' insurance carrier and the American Mutual Liability Insurance Company, the insurance carrier of H.T. Cottam Company, Inc., the employer of plaintiff's husband.
The parties thus impleaded urged various defenses, some of which have since been abandoned. The New Amsterdam Casualty Company, Wardrope and Thomas compromised with plaintiff during the trial and the case then proceeded against the American Mutual Liability Insurance Company, resulting in a judgment in plaintiff's favor in the sum of $5,000, the limit of liability under the policy. The American Mutual Liability Insurance Company has appealed.
Act 55 of 1930 authorizes a direct action against an insurer by an injured person with or without joinder of the assured. In this instance the insurer, whether of Cottam Company or LeBlanc, or both (the question is disputed) is sued alone.
It is now admitted that Philip J. LeBlanc at the time of the accident which caused plaintiff's injury was using his car in the interest of his employer's (H.T. Cottam Company) business and that he was negligent and in part, at least, *Page 84 
responsible for the accident. It is also admitted that if Mrs. LeBlanc is entitled to recover she should have judgment for the full amount of the coverage of the policy, or $5,000.
The defenses now relied upon are:
First, an exception of no cause of action filed in limine and based upon the proposition that Mrs. LeBlanc cannot maintain an action for damages for physical injuries against the insurer of her husband's employer because the insurer, if liable, could collect such damages as it may be condemned to pay from her husband and thus circumvent the prohibition contained in Article 105 of the Code of Practice against married women prosecuting suits against their husbands during coverture.
Second, that the policy as amended by the so-called "Employers' Non-Ownership Liability" rider covers only the vicarious responsibility of Cottam Company for the negligence of its employees when using their automobiles in the course of their employer's business and under their employer's direction and control under the doctrine of respondeat superior, and,
Third, that though the automobile was being used at the time of the accident in the interest of Cottam Company's business, it (Cottam Company) had no supervision over LeBlanc in the manner of its use and, therefore, it was not responsible for his negligence.
It is conceded that these defenses are without force if the policy covers Philip LeBlanc. Edwards v. Royal Indemnity Company,182 La. 171, 161 So. 191.
The policy issued to H.T. Cottam Company, plaintiff's employer, without the rider, is what is known as a "National Standard Automobile Liability Policy". It insured Cottam 
Company against responsibility in damages resulting from the negligence of any person using its automobiles with its consent, whether for business or pleasure, and also covered the persons operating the automobiles. It divided the insured into two classes, the "named insured", Cottam Company, and the unqualified insured, meaning the operators of the automobiles, as appears by the following provisions of the policy: "1. Coverage A — Bodily Injury Liability.
"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile. * * *
 "Definition of `Insured'
"The unqualified word `insured' wherever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is `pleasure and business' or `commercial', each as defined herein, and provided further that the actual use is with the permission of the named insured. * * *".
The "Employers' Non-Ownership Liability" rider, which was apparently attached to the policy at the time of its issuance, reads as follows:
"It is agreed that such insurance as is afforded the named insured by the policy for Bodily Injury Liability and for Property Damage Liability applies with respect to automobiles not owned by the named insured, subject to the following provisions:
"1. Application of Insurance. The insurance applies only to the use, by any person named in the schedule forming a part hereof, of any automobile * * * in the business of the named insured as expressed in the declarations, and to the use in such business, by any employee of the named insured, * * *.
"2. Exclusions. The policy does not apply:
"(1) To any automobile owned in full or in part by, or registered in the name of, or hired by the named insured or a partner thereof if the named insured is a partnership; * * *".
Attached to the rider is a schedule containing the names of seventeen employees, among which there appears "P.J. Blanc", admittedly intended as P.J. LeBlanc, plaintiff's husband, and opposite each name in the schedule is a premium charge of from $2 to $4 for property damage and from $8 to $12 for public liability. In LeBlanc's case the charge was $2 and $8 *Page 85 
respectively. These amounts he was required to pay to his employer.
Defendant's counsel contend that the effect of this rider is to restrict the coverage of the policy to the named insured, Cottam Company, only, but in our opinion the only effect is to change the coverage of the policy from the automobiles of Cottam 
Company to those owned by its employees mentioned in the schedule attached to the policy and to restrict the coverage to the business use of the automobiles. In other words, the so-called omnibus clause appearing in the original policy is modified to that extent and the policy, as affected by the rider, does not cover any person using the various automobiles, but only those mentioned in the schedule. It does not extend to persons using the automobiles with the permission of the insured, the named insured or the unqualified insured, but it does cover each of the seventeen employees.
It is insisted that the rider controls wherever there is a conflict between its terms and those of the policy and this, we freely concede. It is also strenuously urged that the present policy, as affected by the rider, is much cheaper than the original standard liability policy and the argument is made that the coverage must necessarily be correspondingly restricted. This is unquestionably a logical deduction which is clearly established by a comparison of the policy without the rider and with it. Under the omnibus clause in the original policy the coverage extends to the automobiles of Cottam Company and to all persons using those automobiles with the consent of Cottam 
Company, whether in the interest of its business or for the individual pleasure of the operator, a very wide coverage involving not only the responsibility which might attach to Cottam Company by reason of the negligence of its employees, but that of an unlimited number of other persons, who might be using its cars for their own account or for that of Cottam 
Company, subject only to the condition that it is done with Cottam Company's permission. When we contrast this coverage with that which obtains under the policy as affected by the rider, the difference in the extent of the insurer's liability is very marked. For example, Cottam Company, the named insured, is still protected against liability for the negligence of its employees, but only such employees as are named in the schedule attached to the rider, seventeen in all. It is not protected against the negligent operation of its own automobiles (presumably it suits the purpose of Cottam Company not to own any automobiles) but is only insured against the results of the negligent operation of the automobiles of those seventeen employees, when used in connection with its business, and the seventeen employees are protected only when their cars are being used for Cottam Company's business interests and not for pleasure with or without Cottam Company's permission.
The contention of defendant's counsel that only Cottam 
Company is protected under the policy as modified by the rider would, if sound, further restrict the liability of the insurer under the policy, but this conclusion is not justified, for, under the express terms of the rider, the coverage is made applicable "to the use by any person named in the schedule forming part hereof of any automobile * * * in the business of the named insured as expressed in the declarations". Moreover, each of the seventeen salesmen mentioned in the schedule is assessed a definite amount of the total premiums which they were required to pay to their employer and which, to our mind, indubitably establishes the fact that it was the intention of the insurer to protect the individual employees, subject, of course, to the limitation of coverage in the rider, that is to say, when operating their cars in the business of their employer.
The remaining question is that of interest. It is contended that interest should run only from the date of judgment because of a provision in the policy to that effect and in spite of Act 206 of 1916, which provides that "legal interest shall, hereafter, attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts in this State."
The argument is that, since the policy has stipulated that the interest should run from the date of judgment, that is all that plaintiff can recover as against the insurance company, regardless of what may be the effect of the statute against individuals where no contract is involved.
It is true that Act 55 of 1930 restricts the rights of a plaintiff to the terms and limits of the policy. But it also provides *Page 86 
that such terms and limits shall not be in contravention of law. Where a policy of insurance provides for interest at a lesser rate, or for a shorter term, than the law fixes, it is in contravention of law. Therefore, since Act 206 of 1916 provides that interest shall run from date of judicial demand, that statute should prevail. The language of the statute is mandatory and declares that all judgments shall bear interest from date of judicial demand, and this is true though the litigant does not demand it, or the judgment so provide. Layne v. Louisiana Power Light Company et al., La.App., 164 So. 672.
For the reasons herein assigned, the judgment appealed from is affirmed.
Affirmed.