On Rehearing.
FOURNET, Chief Justice.
A rehearing was granted in this case, and while not restricted to any particular issue, the primary reason was to consider the complaint made by Mrs. Dumas that the affirmative defense of confusion should not have been considered as it was not properly before the Court.
*1113 After further study and analysis, and an exhaustive review of the legal principles applicable herein, we are convinced that we were correct in our original ruling that (a) the right of action of the injured person against the insurer, which was being prosecuted by him at the time of his death but had not been reduced to judgment, did not become a heritable right by reason of defendant-insurer’s judicial admission of liability for the negligence of its insured; (b) the right of action which survives, in case of death, in favor of certain designated persons under provisions of Article 2315 of the Civil Code, extends to cases where the injured person dies from causes unrelated to the tortious act; (c) while true that the widow of the decedent, by virtue of her survivorship to the right of action of her deceased husband, is seeking the damages which her husband would have been entitled to recover against the defendant insurer had he lived, she demands them now for her own account, and not in a representative capacity; (d) under general law, to allow the spouse, as substituted party plaintiff, to recover for a wrong she herself inflicted would be a violation of the policy of the law which forbids that one should reap a benefit for his own misconduct.[1]
The argument made on rehearing, orally and in the joint brief of all those seeking to be substituted as party plaintiff (i. e., the surviving spouse, the major daughter, and the executor of the estate of decedent), is that since defendant raised for the first time in this Court the defense that the cause of action of Mr. Dumas has been extinguished by confusion under Article 2217 and Article 2218 of the Civil Code, it should not be heard; that a party relying upon that affirmative defense must specially plead same, according to the mandate of our law, with such particularity and in such manner as a cause of action in a petition; and that “confusion” may not be raised on appellate review unless thus pleaded. Counsel for defendant oppose that this usual rule of procedure is subject to an exception, recognized by our Courts in cases cited, namely, that where a plaintiff’s petition affirmatively alleges facts showing that the obligation has been either paid, remitted, or extinguished by confusion, or, in tort cases, that plaintiff was guilty of contributory negligence, a simple exception of no right or cause of action (such as was filed herein) is sufficient — there being no necessity for further factual recitation to support the spe *1115 cial defense, nor for the introduction of evidence thereunder.
Be that as it may, the issue of confusion was met without objection and defended fully when the case was argued on the merits here. Counsel for Mrs. Dumas, in both original and supplemental brief, took the position that the issue of defendant’s liability is to be determined strictly upon the right of the injured party to recover damages; that the civil negligence of the substituted plaintiff is immaterial to the issue of liability; and ridiculed the contention that the identity of the debtor and creditor would, by a substitution of Mrs. Dumas as plaintiff, become the same. These arguments clearly show that the issue was squarely met, and counsel’s belated objection to the Court’s ruling on the question of confusion is therefore without substance.
Having disposed of other issues as set forth earlier in this opinion, our definitive ruling on original hearing was that, apart from the general law, a legal obligation was imposed by Article 2315 of the Civil Code upon Mrs. Dumas to repair her husband’s damage caused through her fault, but that when she acquired by operation of law the right vested in him to enforce that obligation, it became extinguished by confusion, also through operation of law (Article 2217, Civil Code) ; and that, in view of Article 2218 (providing that such confusion avails the sureties of the principal debtor), the argument of counsel for Mrs. Dumas that the obligation could not be extinguished by confusion because she is suing the insurance company, and not herself, becomes unavailing.
The brief on rehearing is devoted in substantial part to an attempt by Mrs. Dumas to- show that a contract of liability insurance is not in the nature of a suretyship agreement. This does not impress us. Our original opinion conceded that while, in the strict sense, the insurance contract is not a contract of suretyship as defined elsewhere in the Code, “it nevertheless partakes of the nature of suretyship or guaranty;” and we observed that it was on the basis that the insurance contract was somewhat analogous to that of suretyship that this Court, in the cases cited,[2] held that the injured party was entitled to maintain an action against the wrongdoer’s insurance carrier under the Direct Action Statute, R.S. 22:-655, notwithstanding that the law does not permit such a suit against the wrongdoer himself.
Counsel must realize that were his point well taken, it would profit him not at all. Under Article 2315, the tort victim has a substantive cause of action against the tort *1117 feasor, be he stranger or spouse. The cause of action is in valid existence during marriage; the injured spouse is the obligee or creditor of that cause of action while the spouse whose duty it is to repair the damage is the obligor or debtor; but it cannot be asserted as the law affords no appropriate remedy, or right of action, in such circumstances against the tortfeasor-spouse personally. The Direct Action Statute provides the vehicle, granting to the injured person a right of action against the tortfeasor’s liability insurer, and thus enabling an injured spouse to enforce against the insurer the fundamental cause of action which otherwise would be of no value because of coverture. But the Direct Action Statute creates no independent substantive cause of action for the injured spouse against the insurer; and Article 2217 of the Civil Code declares “When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation.” It necessarily follows that if the obligor is substituted as plaintiff, the original cause of action of the obligee is terminated; and when the injured party’s substantive cause of action against the original tort feasor is extinguished, the procedural right of direct action against the insurer, which is purely remedial and ancillary to the cause, must fall by operation of law.
No useful purpose would be served by a further discussion of the entitlement of the victim’s estate to recover the amount by which that estate has been diminished because of the tort, again urged on rehearing in the alternative by the plaintiffs. Judgment in the District Court substituted the executor as party plaintiff and allowed recovery on certain claimed items of special damage, but that holding was reversed on appeal — and, as we observed in our original opinion herein, properly so, because the surviving spouse succeeded to the right of action which the deceased had to recover damages, and the “rights of the heirs or the succession representative of the deceased injured party can only come into being if the right of the beneficiary designated by Article 2315 does not exist at the date of death — that is, when the decedent’s right of action has been reduced to judgment.”
For the reasons assigned our original judgment is reinstated, and accordingly the judgment of the Court of Appeal is annulled and reversed, and it is now ordered that the suit be dismissed; all costs to be paid by defendant.
HAMITER, J., dissents.

. In addition to tlio authorities cited in our original opinion, and for the rationale of innumerable decisions in which related phases of this problem have been considered, see 16 Am.Jur. 47 et seq., Verbo Death, Secs. 61, 65, 68, 77, 81, 87, 90, 91, 107; also Secs. 124, 132, 137, 138; 25 C.J.S. Verbo Death § 46b, p. 1141, citing Wise v. Eubanks, La.App., 159 So. 161; 87 A.L.R. 589, Annotation, “Contributory negligence of sole beneficiary of death action as bar to action;” Annotation, 23 A.L.R. 670, at 697-700; 16 N. Carolina Law Rev. 211, at 225; 16 Tulane *1115 L.Rev. at 417; also 16 Tulane L.Rev. at 388.

. Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191; Ruiz v. Clancy, 182 La. 935, 162 So. 734; Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132.