GUIDRY, Judge.
The sole question presented in this appeal concerns whether or not the “exclusivity” provisions of the Federal Tort Claims Act (28 U.S.C. § 1346(b), 28 U.S.C. § 2672 and 28 U.S.C. § 2679) which grant an absolute personal immunity to federal employees while on government work (a remedy against the United States Government being substituted for any right of action against the employee), operate to bar a suit for personal injury damages against the personal automobile liability insurer of the federal employee. The trial court concluded that such provisions do operate to bar suit against the personal automobile liability insurer of the federal employee once the federal government has accepted responsibility under the Federal Tort Claims Act for the acts of the employee and granted summary judgment dismissing plaintiffs’ suit. We affirm.
The factual circumstances under which the question posed arises are not disputed. Jeffrey Danzy, a minor, was injured on June 20, 1975, when an automobile driven by Reley D. Bostick, owned by her husband W. 0. Bostick, collided with the motorcycle being ridden by appellant. United States Fidelity & Guaranty Company (USF & G) had issued a policy of liability insurance which was in full force and effect on June 20, 1975 covering the Bostick vehicle. Re-ley D. Bostick was a mail carrier employed by the United States Government and was acting in the course and scope of her employment at the time of accident.
On May 14, 1976 Roy R. Danzy instituted this direct action against USF & G on behalf of his minor son, Jeffrey A. Danzy, for the recovery of damages sustained by Jeffrey in the collision with the Bostick vehicle. Jeffrey Danzy reached the age of majority during the pendency of suit and was substituted as a party plaintiff.
One day prior to the filing of this suit, Roy R. Danzy, individually and on behalf of his minor son, instituted an action in the United States District Court for the Western District of Louisiana, Alexandria Division, Suit No. 76-0501, against the United States of America, seeking the recovery of identical damages under the Federal Tort Claims Act, alleging as a basis therefor the accident of June 20, 1975 and the negligence of Reley D. Bostick. On or about May 25, 1977, the plaintiffs in the federal court proceeding reached a compromise settlement and agreement with the United States of America and on that date a “Stipulation for Compromise Settlement Pursuant to 28 USC 2677” was filed. Subsequently, after receipt by plaintiffs of payment from the United States of America pursuant to the stipulation for compromise settlement, the federal court action filed by appellants was dismissed with prejudice.
Following the compromise and dismissal of the federal court suit, appellee filed exceptions of no cause of action, no right of action, res judicata, and a motion for summary judgment, seeking dismissal of the instant suit under the exclusivity provisions of the Federal Tort Claims Act. Appellee annexed a complete certified copy of all pleadings etc., had in the U. S. District Court to its motion for summary judgment. As aforestated, the trial court sustained appellee’s motion and dismissed plaintiffs’ suit.
*997 As we understand plaintiffs’ argument, considering the recited facts, they do not question that Reley D. Bostick now enjoys personal immunity from suit under the provisions of 28 U.S.C. § 1346(b), 28 U.S.C. § 2672 and 28 U.S.C. § 2679(b).[1] However, they argue that such personal immunity granted the federal employee under the cited statutes does not extend to such employee’s personal liability insurer. We find no merit to plaintiffs’ argument.
Although this precise issue is a matter of first impression in Louisiana, same has been considered and rejected by the federal courts. In the case of Smith v. Rivest, 396 F.Supp. 379 (E.D.Wis.1975), a postal service employee who was riding as a passenger in a postal vehicle sued the driver of another vehicle with which the postal vehicle collided for injuries arising out of the accident. The defendant and his insurer filed a third party demand against the postal employee, his personal liability insurer and the postal service. The Court held there that under the Federal Tort Claims Act and the Federal Drivers Act the exclusive remedy would be against the United States which was accordingly substituted as third party defendant. It was held that not only the employee, but his insurer must be dismissed from the action because the exclusive remedy lies against the United States. In Thomason v. Sanchez, 539 F.2d 955 (USCA 3rd Cir. 1976, Writ Denied), the plaintiff, a serviceman, was injured while riding his motorcycle on the grounds of Fort Dix, New Jersey, when the motorcycle collided with a vehicle owned and operated by the defendant, Sanchez. The plaintiff filed suit against Sanchez, his liability insurer, Government Employees Insurance Company, and the United States in both State and Federal Courts. The State Court actions were removed to Federal Court under the pertinent provisions of the Federal Drivers Act, and when all proceedings were in Federal Court the United States moved for a summary judgment. The Appellate Court stated, with reference to the Trial Court’s action:

“Reluctantly, the District Court granted summary judgment in favor of all three defendants. In its view the doctrine of Feres v. United States, 340 U.S. 135, 71 S.Ct. 158, 95 L.Ed. 152 (1950), barred the action against the United States, while the exclusivity provision of the Federal Drivers Act, 28 U.S.C. Section 2679(b), defeated the claims against Sanchez and GEICO. Thomason now challenges, with varying ferocity, each of these conclusions. ”

The court then went on to point out that under the Feres decision the government is not liable, under the Federal Tort Claims Act, for injuries to servicemen in the course of activity incident to service. Then with reference to the dismissal of the suit as against Sanchez and GEICO the Court stated:

*998
“Apellant challanges (sic) the judgments as to Sanchez and GEICO on several grounds.

First, he asserts that the Federal Drivers Act, 28 U.S.C. Section 2679 (b)-(e), ‘operates only to deny plaintiff a choice of remedies where there is a remedy against the United States.’ Appellant’s brief at 11. Where, as here, there is no remedy against the United States, the actions against Sanchez and GEICO should be allowed to proceed. This argument has a first blush appeal. Indeed, the second sentence of 28 U.S.C. Section 2679(d), see note 1 supra, provides that, if a District Court determines that a removed case as this 'is one in which a remedy by suit within the meaning of (28 U.S.C. Section 2679(b)) is not available against the United States, the case shall be remanded to the State Court.’ (Emphasis added)

The contention, however, is not of first impression. Rather, it has been presented to and rejected by at least three other circuits. Carr v. United States, 422 F.2d 1007, 1011 (4th Cir. 1970); Van Houten v. Ralls, 411 F.2d 940, 942 (9th Cir.) certiorari denied 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969); Vantrease v. United States, 400 F.2d 853, 855 (6th Cir. 1968). These Courts are unanimous in holding ‘that within the meaning of the Driver’s Act, the Tort Claims Act remedy is “not available” only where the government driver was not acting within the scope of his employment. When the Tort Claims Act remedy is not available for any other reason, the remand provision does not apply.’ Carr v. United States, supra 422 F.2d at 1011. The reason for this rule lies in the exclusivity provision of 28 U.S.C. Section 2679(b), the basic purpose of which was to immunize individual government drivers from the heavy financial burden and personal liabilities associated with operating motor vehicles. A contrary interpretation of the ‘not available’ language in the removal section ‘would revitalize the common law action. (T)his result would directly contradict the acts immunizing purpose . . . .’ ibid. Moreover, Congress itself has indicated approval of this judicial construction of the exclusivity provision of the Federal Driver’s Act. Accordingly, we confidently join ranks with the fourth, sixth and ninth circuits.” (Emphasis by the Court)
Later in its opinion, and in passing upon the plaintiffs contention that the Court was in error in failing to remand the case to State Court so- that he could proceed against Sanchez and his insurer, the Court stated:
“Appellant’s second challenge to the judgments in favor of Sanchez and GEI-CO asserts that ‘under the Federal Driver’s Act, there should be allowed recovery which is actually against a Federal Employees personal automobile liability insurance carrier for coverage of his privately owned vehicle.’ Appellant’s Brief at 11. We reject this contention. The reality is that any judgment against GEI-CO would affect Sanchez, if only in the form of an increased premium. Moreover, we question the desirability and the practicality of formulating a rule of law dependent upon a factual determination — whether or not insurance is involved in the case — which generally is improper for jury consideration.”
Although the precise issue presented is, so far as we have been able to determine, res nova in Louisiana, we consider the prevailing jurisprudence of this State to the effect that the employer’s defense of tort immunity from suit under the Louisiana Workmen’s Compensation Act (LSA-R.S. 23:1032) operates to bar a direct action against the employer’s personal liability insurer, to be analogous and supportive of appellee’s position. In Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1st Cir. 1978), writ denied 362 So.2d 578 (La.1978), our brethren of the First Circuit considered the issue as to whether or not the tort immunity granted the employer under LSA-R.S. 23:1032 extended in favor of the employer’s personal liability insurer, when the latter was sued pursuant to LSA-R.S. 22:655, the Louisiana Direct Action Statute. In disposing of this *999 issue favorable to the insurer the court stated:
“In Edwards v. Royal Indemnity Co., [182 La. 171, 161 So. 191] supra, the Supreme Court held that the husband’s immunity from suit by his wife was personal to the husband and could not be asserted by his insurer. As examples of defenses which were considered to be purely personal ones, the court cited the following: minority, interdiction, coverture, or that it is contrary to the articles of the Civil Code for a minor to sue his father for damages, or a wife to sue her husband in tort. In conclusion the court stated:
“It is, therefore, our opinion that the Legislature intended to give the insurer the right to plead defenses which it could urge against the insured, but not defenses which are purely personal between the insured and the claimant and in no way growing out of, or connected with, the accident or policy.”
Subsequently, in the case of Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App. 2nd Cir. 1989), as in the instant case, the issue arose as to whether, in light of the Edwards decision, the employer’s immunity from tort actions against him by an injured employee was a defense which was also personal to the employer and unavailable as a defense to the employer’s liability insurer. The court held that the defense was nonper-sonal and, therefore, that it did inure to the benefit of the liability insurer. In support of its conclusion the court quoted the following language from Ruiz v. Clancy, 182 La. 935, 162 So. 734 (1935):
“The decision in Edwards v. Royal Indemnity Co. merely recognizes a distinction between a ease where there is no cause of action against the insured, and hence no cause of action against the insurer, and a case where there is no right of action against the insured because of a relative incapacity of the injured party to sue the insured, or a relative immunity of the insured against being sued by the injured party, ■ • • ”
Continuing, the court in Dandridge stated:
“In the case at bar plaintiff’s claim against the United Gas Company is not well founded in law, for the reason the law provides that her sole and exclusive right is to claim compensation. There is no relative incapacity of the plaintiff to sue the insured, United Gas Company, and there is no relative immunity of the insured against being sued by plaintiff. The law only defines the kind of suit she may bring against the insured, the same as it defines the kind of action that can be brought under any other given state of facts.
“In Act No. 55 of 1930, the insurer and the insured are referred to as being liable in solido if the insured becomes liable for a claim for damages, but, in such case, the insurer is like the principal debtor, and if the claim against the insured is not well founded in law, the insurer is not liable. . . . ”
We are in accord with the interpretation of Edwards as expressed in the Ruiz and Dandridge cases. The examples given by the court in Edwards, as well as in the instances of the doctrines of charitable immunity and governmental immunity, when those doctrines were viable, are examples of instances wherein a procedural bar is erected against the assertion of a cause of action by certain parties against certain other parties. These personal defenses do not eliminate the underlying cause of action.
In the instant ease the underlying cause of action is the employee’s action for his injuries. Under the provisions of La.R.S. 23:1032, his cause of action in tort as against his employer is eliminated. As stated in Dandridge, supra, the law only defines the kind of action that can be brought against the insured. The statute does not erect any procedural bar to a suit by the employee against his employer, but it does limit the employee’s cause of action solely to one for compensation. Since a tort claim against his employer would not be well founded in law, plaintiff’s tort claim against his employer’s *1000 liability insurer is likewise not well founded in law.
For these reasons we hold that the employer’s defense of immunity from tort suit is not a personal one under the provisions of La.R.S. 23:1032 and therefore it is available as a defense to his liability insurer.”
We can conceive of no valid reason why the principle of law espoused in the last cited cases should not apply with equal force to the exclusivity provisions of the Federal Tort Claims Act.
For the above and foregoing reasons the judgment appealed from is affirmed at appellants’ costs.
AFFIRMED.

. 28 U.S.C. § 1346(b) provides:
“Subject to the provisions of Chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone, and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or the omission occurred.”
28 U.S.C. § 2672 provides in pertinent part concerning compromise settlement under the Tort Claims Act as follows:
“The acceptance by the claimant of any such award, compromise or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.”
28 U.S.C. § 2679(b) provides:
“(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.”