J2SHORTESS, Judge.
This suit arises out of a collision in the Atchafalaya Bay Ship Channel between two vessels: the M/V KELLY McCALL and the M/V C/RENEGADE. James Tye (Tye), who was the captain of the M/V KELLY McCALL, brought an action in state court for his personal injuries against (1) Co-Mar Offshore Operators, Inc., owner/operator of the M/V C/RENEGADE (Co-Mar), and (2) McCall Enterprises, Inc. (McCall).[1] Both defendants answered, admitting the accident occurred and pleading contributory negligence as an affirmative defense. Co-Mar then filed a third party demand for contribution and indemnity against Cameron Boat Rentals, Inc., as owner of the M/V KELLY McCALL, and N.F. McCall Crews, Inc., as operator of the vessel.[2] McCall subsequently cross-claimed against Co-Mar for contribution and indemnity and for recovery of maintenance and cure costs paid to Tye.
Meanwhile, McCall filed an action in federal court for hull damages, loss of use, and maintenance and cure costs against Co-Mar and Marine Asset Management Corporation.[3] The federal trial court stayed the claim for maintenance and cure because Tye was not a party and his action was pending in state court. The court then allocated fault 67% to the MTV KELLY McCALL and 33% to the M/V C/RENEGADE and awarded damages accordingly.
In this motion for summary judgment, Co-Mar seeks to resolve the third party demand based on res judicata. Co-Mar argues the parties to the third party demand are the same as the parties in the federal court action and fault between | ¡¡those parties has already been litigated and decided by the federal court action. The trial court granted the motion for summary judgment on the issue of liability. McCall appealed.
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, — U.S. -, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). The federal theory of “claim preclusion” will bar a subsequent action on res judicata principles where parties have previously litigated the same claim to a valid final judgment. Id.; Kaspar Wire Works v. Leco Engineering & Mach., 575 F.2d 530 (5th Cir.1978). The key question is whether the claim in the second action is “the same as,” or “identical to,” one on which the parties have previously proceeded to judgment. The supreme court in Reeder further stated:
[I]f a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had “pendent” jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have de- *440 dined to exercise it as a matter of discretion.
Reeder, 623 So.2d at 1272-1273.
We do not think the law of res judica-ta was properly applied in this case. Tye properly filed his personal injury action in state court under the “saving to suitors” clause.[4] State courts and federal courts have concurrent jurisdiction in this maritime suit, and Tye chose state court as his forum. McCall, after the personal injury suit had been initiated, went to federal court to litigate hull damages and loss ofj4use. Tye was not a party to that action and his contributory negligence was not litigated or quantified. Co-Mar’s third party demand seeks contribution or indemnity in the event it is liable for personal injury damages to Tye. McCall and Co-Mar’s respective liability for damages to Tye was not litigated in the federal court action, nor could it have been because Tye selected state court as his forum. Co-Mar’s claim for contribution and indemnity is dependent on Tye’s claim for damages. It would not exist if Tye’s action did not exist.
Here, the theory of res judicata, or federal “claim preclusion,” is intended to avoid multiple suits on identical entitlements or obligations between the same parties accompanied by redetermining identical issues. Applying the principles of res judicata to the third party demand in this suit does not obviate the need to determine fault altogether. Tye was never a party to the federal suit and res judicata cannot be applied in his primary action. Nor would applying res ju-dicata resolve anything because both parties’ liability is affected by an allocation of fault to Tye for contributory negligence.
This is not a situation in which a plaintiff brought an action in federal court and failed to make all possible claims arising out of the same nucleus of facts. Neither the plaintiffs nor the defendants in the federal court action could have made claims for contribution and indemnity for Tye’s personal injuries because that entire claim was pending in state court and remained unresolved. The plaintiffs and defendants in the federal court action had no liability on which to base such a claim until resolution of the state court action.
The trial court in written reasons indicated that McCall never explained why it did not seek to make Tye a party to the federal litigation. McCall could not have required Tye to become a party in the federal court action. Forcing Tye to dojjso would have required him to litigate his personal injury claim in the federal forum as a compulsory counterclaim. If he chose not to, he would later face an exception of res judicata because his claim arose from the same nucleus of facts. Furthermore, he would be denied his statutory right to select state court as the forum for his claim. This was a ease where the federal court had concurrent jurisdiction rather than pendent jurisdiction over Tye’s claims. The federal court would “clearly have declined jurisdiction” because Tye had already exercised his statutory right to select his forum, and he selected state court.
Finally, partial summary judgment may be granted on the issue of liability alone, although a genuine issue as to the amount of damages remains to be decided at a trial on the merits. La.C.C.P. art. 966(C). However, it may not be granted for purposes of determining a particular element of liability where such a determination is not completely dispositive of the question of liability between the parties concerning that claim and where other issues such as comparative fault remain unresolved. Williams v. City of New Orleans, 93-2043 (La.App. 4th Cir. 5/17/94), 637 So.2d 1130, 1131-1132, writ denied, 94-1587 (La. 10/7/94), 644 So.2d 632.
The trial court committed legal error when it granted summary judgment and applied the principles of res judicata on the issue of fault between the third party plaintiffs and defendants. The judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs are assessed to Co-Mar.
REVERSED AND REMANDED.

. Tye filed his action May 8, 1992, under the Jones Act with pendent jurisdiction under general maritime law.

. McCall Enterprises, N.F. McCall Crews, and Cameron Boat Rentals are hereinafter collectively referred to as “McCall."

.Co-Mar and Marine Asset Management Corporation are hereinafter collectively referred to as "Co-Mar.”

. 28 U.S.C. 1333(1).