690 So.2d 86 (1997)
Diane ARTHUR, Plaintiff-Appellant,
v.
ZAPATA HAYNIE CORPORATION, et al., Defendants-Appellees.
Barbara ARTHUR, et al., Plaintiffs-Appellants,
v.
ZAPATA HAYNIE CORPORATION, et al., Defendants-Appellees.
No. 95-956.
Court of Appeal of Louisiana, Third Circuit.
January 22, 1997.
Rehearing Denied April 8, 1997.
Writ Denied May 30, 1997.
*87 Before DOUCET, C.J., and COOKS, WOODARD, DECUIR and PETERS, JJ.
J.B. Jones, Jr., Cameron, for Diane Arthur, etc.
Ronald A. Johnson, New Orleans, for David Garth Williams, etc.
PETERS, Judge.
The plaintiffs in this wrongful death action appeal the trial court's decision that the doctrine of res judicata precludes their suit in state court against the insurers of a marine vessel after the insured/owner of the vessel *88 has been exonerated from liability in a federal court proceeding. For the following reasons, we affirm the trial court's decision.

FACTS
On October 3, 1989, the F/V Northumberland, a fishing vessel owned by Zapata Haynie Corporation (Zapata Haynie), struck and ruptured a submerged natural gas pipeline off the coast of Texas. Natural Gas Pipeline Company of America (NGP) owned the pipeline. The ruptured pipeline exploded, engulfing the vessel in flames. The vessel sank, and eleven of the fourteen crew members aboard the vessel died. On October 10, 1989, Zapata Haynie filed a complaint in the United States District Court, seeking exoneration from and/or limitation of liability under the Federal Limitation of Vessel Owner's Liability Act, 46 U.S.C.App. §§ 181-195. In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F, the federal district court stayed all other court proceedings and ordered all persons asserting a claim in connection with the October 3, 1989 accident to file their claims in the federal proceedings. The plaintiffs were among those persons ordered to assert their claims.
The plaintiffs answered the limitation proceedings, asserting claims against Zapata Haynie's right to exoneration from and/or limitation of liability. They asserted that Zapata Haynie was negligent and at fault in causing the accident and resulting deaths. On June 26, 1990, the plaintiffs also filed suit in state court against Zapata Haynie and Darreyl Gough, master of the vessel, asserting damages under the Jones Act, 46 U.S.C.App. § 688 and requesting jury trials. The plaintiffs subsequently amended their petitions in the state court action to effect a direct action against the insurers of the vessel, Abu Dhabi National Insurance Company and Underwriters at Lloyd's, and certain insurance companies through Atlantic Insurance International, Inc. The state proceedings were stayed, pursuant to the earlier federal district court order, pending a decision on the limitation of liability action.
After a three-week trial of the limitation action, the federal district court determined that NGP was 100% at fault in causing the accident by failing to maintain the pipeline at least three feet below the seabed as required by the Corps of Engineers permit. It found that the vessel was not touching the seabed when the accident occurred and that Zapata Haynie did not have a duty to foresee the possibility of its vessel striking a pipeline that should have been buried deeply enough to pose no hazard to navigation. Moreover, the federal court found that Zapata Haynie did not violate any other duty it may have owed to the crew members of the vessel. This decision, exonerating Zapata Haynie from all liability under the Jones Act and general maritime law, was affirmed on appeal by the U.S. Fifth Circuit Court of Appeals in Zapata Haynie Corp. v. Arthur, 980 F.2d 287 (5th Cir.1992), cert. denied, 509 U.S. 906, 113 S.Ct. 2999, 125 L.Ed.2d 692 (1993).
After Zapata Haynie was found to be without fault in causing the accident, its insurers filed an exception of res judicata in the state court action, contending, among other things, that the plaintiffs' claims against them under the Louisiana Direct Action Statute, La.R.S. 22:655, were barred by res judicata because the federal court had exonerated their insured, Zapata Haynie, from liability. The trial court agreed that the claims were barred by res judicata and granted the insurers' exception.

OPINION
The plaintiffs first argue that the federal court's exoneration of Zapata Haynie does not preclude their claim under La.R.S. 22:655, the Louisiana Direct Action Statute, because a shipowner's right to limit its liability under the Limitation of Vessel Owner's Liability Act is personal to the shipowner. In support of their position, the plaintiffs cite Danzy v. U.S. Fidelity & Guaranty Co., 380 So.2d 1356, 1359 n. 5 (La.1980) [quoting Gustafson v. Peck, 216 F.Supp. 370, 372-73 (N.D.Iowa 1963)], wherein the Louisiana Supreme Court stated:
This court has long held that where an immunity from suit is merely personal, an insurer is not entitled to plead such immunity as a defense to a suit brought under the Direct Action Statute. Edwards v. *89 Royal Indemnity Co., 182 La. 171, 161 So. 191 (1935); Comment, the Louisiana Direct Action Statute, 22 La.L.Rev. 243 (1961). In Edwards the court made the following observation concerning the intent of the legislature in providing for a direct action against the insurer:
"It is, therefore, our opinion that the Legislature intended to give the insurer the right to plead defenses which it could urge against the insured, but not defenses which are purely personal between the insured and claimant, and in no way growing out of, or connected with, the accident or policy." 182 La. at 181, 161 So. at 195.
The statutory basis for this doctrine is found in C.C.2098, which concerns suit against a codebtor in solido, the status occupied by an insurer vis-a-vis its insured, and which provides that the codebtor "can not plead such exceptions as are merely personal to some of the other codebtors." The following forms of immunity from suit have been found to be merely personal to an insured and therefore unavailable to the insurer: interspousal immunity, Edwards v. Royal Indemnity Co., supra, Le Blanc v. New Amsterdam Cas. Co., 202 La. 857, 13 So.2d 245 (1943); father-son immunity, Deshotel v. Travelers Indemnity Co., 257 La. 567, 243 So.2d 259 (1971); governmental immunity, Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); charitable immunity, Lusk v. U.S. Fidelity & Guaranty Co., 199 So. 666 (La.App.Orl.1941); an insane person's incapacity to be liable for his torts, von Dameck v. St. Paul Fire & Marine Ins. Co., 361 So.2d 283 (La.App.1978) [writs denied, 362 So.2d 794, 802 (La. 1978)]. In a case similar to the one before us, to the extent that it necessitated reconciling the immunity granted to shipowners by the Federal Limitation of Liability Act, 46 U.S.C. § 183(a) with the Louisiana Direct Action Statute, the United States Fifth Circuit Court of Appeals found that because the statutory right to limit liability is personal to the shipowner, it does not preclude a direct action against its insurer. Olympic Towing Corp. v. Nebel Towing Co., 419 F.2d 230 (5th Cir.1969), cert. den. 397 U.S. 989, 90 S.Ct. 1120, 25 L.Ed.2d 396 (1970).
However, in each of the situations recognized by the supreme court, the immunities merely erected a procedural bar to asserting the cause of action but did not eliminate the underlying cause of action. The case before this court is distinguishable from those procedural immunity situations in that the federal court judgment has eliminated the underlying cause of action against Zapata Haynie. Therefore, we find that Zapata Haynie's insurers are not precluded from asserting their claim to res judicata.
The doctrine of res judicata is intended to "increase judicial efficiency and to protect parties against unnecessary burdens of litigation arising from repeated lawsuits." Mavromatis v. Lou-Mar, Inc., 93-0379, p. 5 (La.App. 4 Cir. 2/11/94); 632 So.2d 828, 832. "A final judgment in the federal system can form the basis of a res judicata plea in state court." Jones v. Jefferson Parish Sch. Bd., 447 So.2d 1205, 1207 (La.App. 5 Cir.), writ denied, 450 So.2d 953 (La.1984). The essential elements of res judicata under Louisiana law are enumerated in La.R.S. 13:4231. Effective January 1, 1991, La.R.S. 13:4231 was amended to broaden its scope, but the amendments do not apply to an action filed before that date. Prior to January 1, 1991, La.R.S. 13:4231 provided:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Also, prior to the January 1, 1991 amendments, the concept of res judicata in Louisiana was considered to be more narrow in scope than its common law counterparts. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978).
However, it is the broader res judicata definition of the federal courts that is applicable to this matter.
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal *90 question jurisdiction, it is the federal law of res judicata that must be applied.
Tye v. Co-Mar Offshore Operators, Inc., 95-0094 p. 3 (La.App. 1 Cir. 10/6/95); 669 So.2d 438, 439, writ denied, 96-1051 (La.6/7/96), 674 So.2d 975 (citation omitted).
For a federal court judgment to bar a subsequent suit under federal res judicata principles, it must meet four tests: (1) both cases must involve the same parties; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the prior judgment must have been a final judgment on the merits; and (4) the cause of action at issue must have been the same in both cases. Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co., 95-0654, 95-0671 (La.1/16/96); 666 So.2d 624.
The plaintiffs acknowledge that the elements of res judicata have been satisfied as to any claims against Zapata Haynie but argue that the elements have not been satisfied as to the insurers because the identity of the parties is not the same. However, for the purpose of res judicata, the Louisiana Supreme Court has determined that "[t]here exists an identity of the parties whenever the same parties, their successors, or others appear so long as they share the same `quality' as parties." Welch, 359 So.2d at 156. This court in Hannie v. Wall, 569 So.2d 1044, 1050 (La.App. 3 Cir.1990), writ not considered, not timely filed, 573 So.2d 1116 (La.1991), declared, "the insured and the insurer not only share the same quality as parties, but in essence their identities are virtually merged into one, to the extent of the policy limits." (Citations omitted). Thus, permitting the plaintiffs to proceed against Zapata Haynie's insurers under the direct action statute would result in relitigating the issue of Zapata Haynie's liability in the accident. This is barred by res judicata. See also Foster v. Hampton, 352 So.2d 197 (La.1977); Cornish v. Freeman, 451 So.2d 148 (La.App. 1 Cir.), writ denied, 458 So.2d 476 (La.1984).

DISPOSITION
Accordingly, the trial court's judgment sustaining the insurers' exception of res judicata is affirmed. Costs are assessed to plaintiffs-appellants.
AFFIRMED.
COOKS, J., dissents.