liDUFBESNE, Judge.
Plaintiff/appellant, Ms. Tammy Ann Triche, appeals a district court judgment maintaining the exceptions of res judicata and insufficiency of service of process filed by defendant/appellee, Century Offshore Management Corporation. For the reasons which follow, we affirm.
On July 16, 1998, Ms. Triche filed a petition for damages in the 24 th Judicial District Court for the Parish of Jefferson, naming as defendants Crescent Turnkey and Engineering, L.L.C. (her employer), Century Offshore Management Corporation (a company with which Crescent allegedly shared her), Joseph Slattery (Crescent’s president and plaintiffs supervisor), and Warren Young (Crescent’s accountant). In the petition, plaintiff asserted that she was employed by Crescent, who shared her with Century, as operations assistant manager, and that she was wrongfully discharged on September 30, 1996, after she continued to protest alleged acts of sexual harassment committed upon her by Slattery and Young, with the full knowledge and approval of the defendant corporations. In this petition, Ms. Triche asserted claims for unlawful discrimination, battery, and 1 ¡.intentional infliction of emotional distress.
In response to the petition, Century and Crescent filed declinatory exceptions of insufficiency of service of process. Century also filed a peremptory exception of res judicata, alleging that plaintiffs claims were barred as they had been conclusively determined in a federal court action. In addition, Century sought sanctions pursuant to LSA-C.C.P. art. 863 for the filing of a frivolous claim. Following a hearing, the trial court granted Century’s peremptory exception of res judicata and motion for sanctions and ordered that the petition against Century be dismissed at plaintiffs cost. The court also granted the declina-tory exceptions of insufficiency of service of process filed by Century and Crescent. From the trial court’s granting of Century’s exceptions, plaintiff now appeals.[1]
*691 On appeal, plaintiff first asserts that the trial court erred in maintaining the declinatory exception of insufficiency of service of process. She specifically argues that the filing of the peremptory exception of res judicata by Century on August 11, 1998, constituted a general appearance and waived the declinatory exception of insufficiency of service of process filed by Century on August 7, 1998. We find no merit to this argument.
LSA-C.C.P. art. 928 sets forth the time periods for the pleading of exceptions and provides, in pertinent part that, “[t]he dec-linatory exception and the dilatory exception shall be pleaded prior to or in the answer, or prior to the confirmation of a default judgment.” In Bickham v. Sub Sea International, Inc., 617 So.2d 483 (La.1993), the Louisiana Supreme Court held that the defendant did not waive the pending declinatory exception of improper venue by filing interrogatories and requests for production of ^documents while the exception was pending. The court explained as follows:
While defendant’s actions constituted a general appearance which would have waived any objections raised by declina-tory exceptions if the actions had occurred before the venue exception was filed, the general appearance did not waive the pending exception. There is a useful purpose (judicial efficiency) in the requirement that all declinatory and dilatory exceptions be filed prior to answer or general appearance, but there is no useful purpose in judicially extending this requirement to constitute a waiver when the general appearance is made after the declinatory exception has been filed. Our conclusion that the subsequent general appearance, before trial of the exception, does not constitute a waiver of the pending exception is consistent with the intermediate court’s conclusion (with which we agree) that the subsequent (or simultaneous) filing of an answer, before trial of the exception, does not waive the pending exception.
Based on this reasoning, we find that the filing of the peremptory exception of res judicata did not waive the pending declinatory exception.
Ms. Triche next asserts that the trial court erred in maintaining Century’s exception of res judicata, specifically asserting that the previous federal court decision did not dispose of any claims for battery or intentional infliction of emotional distress against any of the defendants, including the corporations, Century and Crescent. Plaintiff further notes that the federal court judgment specifically reserved her right to bring this action for the state law claims of battery and intentional infliction of emotional distress, and thus, res judicata does not apply pursuant to LSA-R.S. 13:4232(3).
Res judicata is an issue preclusion device found both in federal and state law. The doctrine of res judicata is intended to increase judicial efficiency and to protect parties against unnecessary burdens of litigation arising from repeated lawsuits. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, appeal after remand, 93-2364 (La.App. 4 Cir. 10/2/96), 681 So.2d 1292, writ denied, | 496-2625 (La.12/13/96), 692 So.2d 1066. A final judgment in the federal system can form the basis of a res judicata plea in state court. Arthur v. Zapata Haynie Corp., 95-956 (La.App. 3 Cir. 1/22/97), 690 So.2d 86, writ denied, 97-1031 (La.5/30/97), 694 So.2d 252, cert. denied, 522 U.S. 860, 118 S.Ct. 162, 139 L.Ed.2d 106.
The essential elements of res judicata under Louisiana law are set forth in LSA-R.S. 13:4231 which reads as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
*692 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
LSA-R.S. 13:4232 then sets forth some exceptions to the general rule of res judi-cata, and reads, in part, as follows:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question [¿jurisdiction, it is the federal law of res judicata that must be applied. Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541. For a federal court judgment to bar a subsequent suit under federal res judicata principles, it must meet four tests: (1) both cases must involve the same parties; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the prior judgment must have been a final judgment on the merits; and (4)the causes of action at issue must have been the same in both cases. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., supra; Arthur v. Zapata Haynie Corp., supra.
In order to determine the application of these res judicata principles, we must now look at the federal court proceedings. In August of 1996, plaintiff filed a complaint in the United States District Court for the Eastern District of Louisiana against her former employer, Crescent; Crescent’s president, Slattery; Crescent’s accountant, Young; and Century, an offshore management corporation with which Crescent allegedly shared her. Her complaint in federal court was based on alleged sexual harassment by Slattery and Young with the full knowledge and approval of the defendant corporations. In her complaint, she alleged violations of Title VII of the Civil Rights Act of 1964, a claim for unlawful discrimination under Louisiana law, and a state law claim for intentional infliction of emotional distress and battery. Triche further alleged that she was wrongfully discharged on September 30, 1996, after she protested the sexual harassment. In response to the complaint, Century filed a motion for summary judgment and Crescent, Slattery, and Young filed a motion to dismiss and/or for summary judgment. On March 25, 1998, the court granted the motions relative to the Title VII claims, stating as follows:
| ,;Based on the foregoing, the Court finds that plaintiff has not adduced evidence showing the existence of a genuine issue as to Crescent and Century’s alleged single employer status. Without meeting the threshold requirement of showing that her employer employed fifteen people, Triche cannot pursue a Title VII claim in federal court.
Accordingly, the motion for summary judgment as to the Title VII claim is GRANTED as to all defendants.
Following this decision, the court requested memorandum from the parties as to whether it should retain jurisdiction *693 over plaintiffs remaining state law claims. After considering the memorandum, the court ruled as follows:
The Court here will retain jurisdiction over plaintiffs state law discrimination claims as the inquiry into what will prove to be the key issue, namely, the size of plaintiffs employer, has already been made. Though Triche’s complaint does not name a specific code provision for these discrimination claims, they presumably arise under the Louisiana Employment Discrimination Law, Acts 1997, No. 1409, § 4, and the Louisiana Human Rights Act, L.S.A.-R.S. § 51:2231, et seq.
The Louisiana Employment Discrimination Law permits suits only against entities with more than fifteen employees. Acts 1997, No. 1409, § 4, effective Aug. 1, 1997. The Louisiana Employment Discrimination Law also supplanted L.S.A. -R.S. § 51:2232(4), the section of the Louisiana Human Rights Act which has permitted suits against employers with eight or more employees. As Triche’s employer, Crescent, had only five employees, Deposition of Joseph Slattery, Exhibit A to Plaintiffs Opposition to Motions to Dismiss and/or for Summary Judgment (Record Document No. 15), at 16-17, Triche’s claims against Crescent under the Louisiana Employment Discrimination Law and the Louisiana Human Rights Act are dismissed for failure to meet the fifteen employee minimum. Triche’s claims under the Louisiana Employment Discrimination Law and the Louisiana Human Rights Act against co-defendant Century are, of course, also dismissed, as Century has been found by this Court not to be Triche’s employer at all.
Additionally, Triche’s Louisiana Employment Discrimination Law and Louisiana Human Rights Act claims against defendants Warren Young and Joseph Slat-tery are dismissed, as those laws permit suits only against “employers,” which are defined as persons “receiving services from an employee and, in return, giving compensation of any kind to an employee.” Acts 1997, No. 1409, § 4, effective Aug. 1, 1997 (emphasis added).
Triche’s sole remaining claims are for battery and intentional infliction of emotional distress. Because there has been little factual 17development in the record, and because those claims are involve [sic] purely state laws with no federal analogues, the Court finds it appropriate not to retain jurisdiction over these claims. The Court will delay its formal judgment of dismissal of these claims so as to allow plaintiff to file suit in state court without encountering a prescription problem.
Accordingly,
IT IS ORDERED that defendants’ motion for summary judgment is GRANTED as to Triche’s Louisiana Employment Discrimination Law and Louisiana Human Rights Act claims against Century, Crescent, Warren Young and Joseph Slattery. IT IS FURTHER ORDERED Triche’s state law claims for battery and intentional infliction of emotional distress against Young and Slat-tery are DISMISSED, with a formal judgment of dismissal to be issued three weeks from today.
Based on the foregoing discussion, we find that the four requirements of the federal res judicata principles have been met. Accordingly, the judgment of the trial court granting Century’s declinatory exception of insufficiency of service of process and peremptory exception of res judi-cata is hereby affirmed.

AFFIRMED.

. Defendants Crescent, Slattery, and Young are apparently not involved in the instant appeal.