PEGGIE SABA AND RONALD SABA
v.
HOSPITAL HOUSEKEEPING SYSTEMS, LTD.
No. 2007 CA 0916.
Court of Appeals of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
WILLIAM E. MURA, Jr., Counsel for Plaintiffs/Appellees, PEGGIE SABA and RONALD SABA.
JERALD L. ALBUM, Counsel for Defendant/Appellant, LAUREN L. TAFARO HOSPITAL HOUSEKEEPING SYSTEMS, LTD.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Defendant, Hospital Housekeeping Systems, Ltd.,[1] appeals the trial court's grant of a partial summary judgment[2] on the issue of liability in favor of plaintiffs, Peggie Saba and Ronald Saba. We reverse the partial summary judgment and remand.
Plaintiff, Peggie Saba, slipped and fell on a wet floor. After Mrs. Saba and her husband, Ronald, filed suit, the Sabas filed a motion for summary judgment on the issue of liability, which was granted, and for summary judgment on the issue of comparative fault, which was denied. As a basis for the denial, the trial court stated in its reasons for judgment, "that any issue of comparative fault on the part of Mrs. Saba would be for the trier of fact to determine."
A partial summary judgment may be granted on the issue of liability alone, although a genuine issue of material fact as to the amount of damages remains to be decided at a trial on the merits. Tye v. Co-Mar Offshore Operators, Inc., 95-0094, p. 5 (La.App. 1 Cir. 10/6/95), 669 So.2d 438, 440, writ denied, 96-1051 (La. 6/7/96), 674 So.2d 975; see LSA-C.C.P. art. 966E; LSA-C.C.P. art. 1915. However, a partial summary judgment may not be granted for purposes of determining a particular element of liability where such a determination is not completely dispositive of the question of liability between the parties concerning that claim and other issues such as comparative fault remain unresolved. Tye, 95-0094 at p. 5, 669 So.2d at 440; Williams v. City of New Orleans, 93-2043 (La.App. 4 Cir. 5/17/94), 637 So.2d 1130, 1131-32, writ denied, 94-1587 (La. 10/7/94), 644 So.2d 632. The issues of one party's liability and comparative fault are so intertwined that a ruling on the first may, or at the very least appear to, unduly influence the second, and thus, impermissibly taint the allocation of fault. See Williams, 93-2043 at pp. 3-7, 637 So.2d at 1132-33.
For these reasons, we reverse the partial summary judgment granted on the issue of liability and remand.[3] The costs are assessed to plaintiffs, Peggie Saba and Ronald Saba.
REVERSED AND REMANDED.
NOTES
[1] Although the defendant was named in the petition and the judgment as Hospital Housekeeping Systems, Ltd., and filed subsequent pleadings in that name, we note that it first answered as Hospital Housekeeping Systems, LLC.
[2] The initial lack of a final judgment designation was cured pursuant to a rule to show cause issued by this court. See LSA-C.C.P. art. 1915B. Subsequently, after considering the Messinger guidelines, we find that this case meets the requirements for appeal of a partial summary judgment, especially the goal of avoiding unnecessary delay and expense for the litigants and the judicial system. Resolution now removes any possible taint on a future judgment on the issue of comparative fault; an error that could interdict the factfinder's determination and trigger a de novo review. See R.J. Messinger, Inc. v. Rosenblum, XXXX-XXXX (La. 3/2/05), 894 So.2d 1113; Williams v. City of New Orleans, 93-2043, p. 7 (La.App. 4 Cir. 5/17/94), 637 So.2d 1130, 1133, writ denied, 94-1587 (La. 10/7/94), 644 So.2d 632.
[3] In their appellee brief, plaintiffs ask this court to reverse the trial court's denial of their motion for summary judgment on the issue of comparative fault. However, plaintiffs neither appealed nor answered the appeal. LSA-C.C.P. arts. 2082 & 2133. Thus, we will not consider the appealability or merits of that interlocutory ruling.